# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Ted W. Gardner

 v.

Zoning Appeals Board
and Choon Kim

November 20, 2008

Case No. CL08-333

BY JUDGE WILLIAM R. O'BRIEN

On December 19, 2007, the Virginia Beach Board of Zoning Appeals (BZA) granted a variance to Respondent, Choon Kim, from 20 foot setbacks requirements which allowed Mr. Kim to construct a pier on his property. The pier would extend over wetlands and into Back Cove, a tributary of the Lynnhaven River. Mr. Kim's lot is flag shaped and it narrows to a thin strip in the rear, approximately 33 feet wide, which ends at the waterfront. The zoning ordinance in question requires 20 foot setbacks on either side of the pier; given the existing width of the property, it would be impossible for Mr. Kim's pier to comply with this requirement on both sides. Mr. Kim was granted a variance that allowed him to use a 10 foot setback on one side of the pier. The pier itself is to be 47 inches wide and 204 feet long; it will stand about 4 feet above the wetlands as required by the Army Corps of Engineers. There is to be a boat lift, 12 x 20 feet, at the end of the pier. A single family residence is already constructed on Mr. Kim's property.

Petitioner, Ted Gardner, sought a writ of certiorari in this Court to appeal the BZA decision. The petition was timely filed and the writ was entered on January 24, 2008. The City Attorney has filed a response in this

action, but Mr. Kim has not appeared. Mr. Gardner is a neighboring property owner and appeared before the BZA to protest the variance.

In an appeal from the grant of a variance, the decision of the BZA is presumed to be correct. Va. Code § 15.2-2314 (2008). However, the presumption may be rebutted by a showing that the BZA applied "erroneous principles of law." *Id.* The BZA has authority to grant variances when "the strict application of the terms of the ordinance would effectively prohibit or unreasonably restrict the utilization of the property or . . . the variance will alleviate a clearly demonstrable hardship approaching confiscation, as distinguished from a special privilege or convenience sought by the applicant." *Id.* at § 15.2-2309(2).

The Virginia Supreme Court has recently reaffirmed the principle that variances are not to be routinely granted. The BZA only has authority to grant variances in order to avoid an unconstitutional result. *Board of Supervisors v. Board of Zoning Appeals*, 268 Va. 441, 452 (2006). A variance may only be granted when application of the zoning ordinance interferes with all "reasonable beneficial uses of the property, taken as a whole." *Id.* (*quoting Cochran v. Fairfax County Bd. of Zoning Appeals*, 267 Va. 756, 766 (2004)). The desires of the landowner for a different or more beneficial use that does not comply with the zoning ordinance are not sufficient to grant a variance when the property retains a beneficial use without the variance. In *Cochran*, several variances were overturned because the property owners could have either altered or completely abandoned their improvement plans in order to comply with the ordinances. 267 Va. at 766. The Court noted the properties still had beneficial uses in their current states. *Id.*

The current case does not meet the standard for granting a variance as defined by the Virginia Supreme Court. The inability to build a pier on Mr. Kim's lot does not leave the property with no reasonable beneficial use. The property currently holds a single family residence and is suitable for that use. No zoning ordinance interferes with the use of the property for that purpose. The City argued at the hearing that Mr. Kim's riparian rights, which it argues are severable from his other rights in the property, are effectively being confiscated by the ordinance. However, the precedent clearly establishes that the property must be examined as a whole in order to determine if a beneficial use exists. Every denial of a variance restricts a property owner's right to use the property in some particular way; the test is whether, without the variance, the owner loses the right to use the property in every meaningful way. Since a beneficial use of Mr. Kim's property remains without a pier, the BZA had no authority to grant a variance from the 20 foot setbacks.

Furthermore, the BZA gets its authority to grant variances from the Virginia Code and its provisions must be strictly adhered to. *Cochran*, 267 Va. at 764. The Virginia Code provides three additional requirements before a variance can be granted.

> No such variance shall be authorized by the board unless it finds:
> a. That the strict application of the ordinance would produce undue hardship relating to the property;
> b. That the hardship is not shared generally by other properties in the same zoning district and the same vicinity; and
> c. That the authorization of the variance will not be of substantial detriment to adjacent property and that the character of the district will not be changed by the granting of the variance.

Va. Code § 15.2-2309(2) (2008).

The Petitioner conceded at the hearing that the BZA addressed the third requirement and is not challenging the BZA's determination. However, the Court finds the BZA failed to address the remaining requirements. The minutes of the BZA hearing demonstrate the Board's decision was based on a concern that, without the variance, Mr. Kim would be denied water access and that the variance requested was minimal. (BZA Tr. at 15.) The BZA expressed concern that the lot was designed to provide water access but the ordinances effectively deprived Mr. Kim of that right. (*Id.* at 14.) As discussed above, this does not meet the test for undue hardship. Furthermore, the BZA did not consider the testimony that there are at least five other lots of a similar shape to Mr. Kim's in the neighborhood. (*Id.* at 9.) The Court finds the BZA applied erroneous principles of law, and the decision to grant Mr. Kim a variance is reversed.